# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN W. UMOREN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    Case No. CIV-16-106-M |
| | ) |
| WARDEN BYRD, et al., | ) |
| | ) |
|     Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff, John W. Umoren, a state prisoner appearing pro se, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his federal constitutional rights. The matter has been referred by United States District Judge Vicki Miles-LaGrange for proposed findings and recommendations consistent with 28 U.S.C. § 636(b)(1)(B) and (C). An initial review of Plaintiff's Amended Complaint [Doc. No. 20-1][1] has been conducted pursuant to 42 U.S.C. § 1997e(c). For the reasons set forth below, the Court finds the Amended Complaint should be dismissed because it fails to state any plausible claims upon which § 1983 relief may be granted.

## I.  Plaintiff's Claims for Relief / Supporting Factual Allegations

Plaintiff is currently incarcerated at Cimarron Correctional Facility (CCF) a private prison facility located in Cushing, Oklahoma and owned by Corrections Corporation of America (CCA). He brings two claims for relief. In Claim 1, Plaintiff alleges that "CCA Administrative

---

[1] Pending before the Court is Plaintiff's Motion Requesting Leave to Amend and Supplement Complaint [Doc. No. 20]. Plaintiff does not seek leave to amend the claims raised or make additional factual allegations. Instead, Plaintiff seeks to add as a Defendant Corrections Corporation of America. Pursuant to Fed. R. Civ. P. 15(a)(1) and given the procedural posture of this case, Plaintiff may amend the Complaint without leave of court. Therefore, as discussed infra, Plaintiff's Motion is denied as moot. The Court accepts the Amended Complaint [Doc. No. 20-1] attached to Plaintiff's Motion as the operative pleading and reviews the sufficiency of the allegations of the Amended Complaint.

Staff," including Defendants Byrd, Braggs, Cox, Hilligoss, Hollarn and Shoemaker, have "allowed and prompted the murder of gang members by other gang members" in violation of his Eighth and Fourteenth Amendment rights. *See* Amended Complaint at p. 3.[2] As supporting facts, Plaintiff alleges that on or about September 12, 2015, four inmates were murdered as a result of gang violence. According to Plaintiff, "several staff were alerted that an incident was about to occur," but did nothing to prevent it instead stating "wait and call us when something happens." *Id*. at p. 4. Plaintiff also claims that "[v]ideo surveillance captures security staff further using force against dead inmates and allowing the incident to continue for well over forty-five (45) minutes." *Id*.

In Claim 2, Plaintiff claims Defendants Byrd, Braggs, Hollarn and Shoemaker refused to allow inmates to use the law library "in an attempt to cover up facility misconduct in inducing murders in violation of [the] Eighth and Fourteenth Amendment." *See id*. at p. 6. Plaintiff contends that after the murders, the "principal/supervisor" kept inmates from attending the law library and that Plaintiff was "one of those inmates kept from attending the law library. *Id*.

As relief, Plaintiff requests this Court to remove the Defendants from their supervisory positions and terminate their employment. *Id*. at pp. 5, 7. Plaintiff also requests that the Court "[a]llow prison reform and implementation of gang policy and law library access" and "order that previous federal ruling be adhered to providing all constitutionally protected rights to offenders." *Id*.

## II.     Standard for Dismissal

"The court shall on its own motion . . . dismiss any action brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional

---

[2] Page citations to Plaintiff's Amended Complaint reference the Court's Electronic Case Filing (ECF) pagination.

facility if the court is satisfied that the action is frivolous, malicious, [or] fails to state a claim upon which relief can be granted . . . ." 42 U.S.C. § 1997e(c)(1). The court may dismiss such action "without first requiring the exhaustion of administrative remedies." *Id*. § 1997e(c)(2).[3]

To withstand dismissal, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim that is plausible on its face.")). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (*citing Twombly*, 550 U.S. at 556). Pleadings that do not allow for at least a "reasonable inference" of the legally relevant facts are insufficient. *Id*. Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

Because Plaintiff is proceeding pro se, his complaint must be construed liberally. *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007). However, the generous construction given to a pro se litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997).

---

[3] Plaintiff concedes his claims are not exhausted, but contends administrative remedies were not available. *See* Complaint at pp. 4, 6.

### III. Analysis

#### A. Plaintiff's First Claim Fails to Allege Facts Sufficient to Demonstrate Standing

Plaintiff's first claim for relief fails because Plaintiff has not alleged facts to demonstrate any unconstitutional conduct caused harm directly to him. It is well-established that to bring a claim challenging prison conditions, a prisoner must state "facts connecting the allegedly unconstitutional conditions with his own experiences [in the prison], or indicating how the conditions caused him injury." *See Swoboda v. Dubach*, 992 F.2d 286, 289 (10th Cir. 1993). Thus, Plaintiff "must show that he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." *See City of Los Angeles v. Lyons*, 461 U.S. 95, 101-02 (1983) (internal quotations omitted); *see also Lemmons v. Clymer*, 609 F. App'x 949, 954 n. 3 (10th Cir. 2015) (finding prisoner lacked standing to bring claim that "convicted criminals were permitted to roam free", "thereby endangering public safety" because prisoner "fail[ed] to demonstrate that he suffered an injury-in-fact as a result of the alleged misconduct").

The harm identified in the Amended Complaint in support of Plaintiff's first claim is the gang-related murders of four inmates. But Plaintiff fails to allege any facts tying that harm to any threatened or actual harm suffered by Plaintiff. Nor does Plaintiff identify facts that would explain why or how he may have been subjected to harm. *Compare Riddle v. Mondragon*, 83 F.3d 1197, 1205 (10th Cir. 1996) (holding that the plaintiff must show "more than a conclusory claim of being afraid" that other inmates might harm him after discovering his status as a sex offender in order to establish an Eighth Amendment violation); *see also Casanova v. Ulibarri*, 622 F. App'x 724, 729 (10th Cir. 2015) (prisoner failed to state a cognizable Eighth Amendment

4

failure-to-protect claim based on placement in general population where he was "infirm and elderly," had twin sons who were correctional officers at a different facility and committed a crime against a seventeen year-old girl who was a local celebrity because prisoner did not show that "he suffered any physical or psychological harm" or that defendant "took any affirmative actions that placed him at an increased risk of harm").

And Plaintiff lacks standing to raise claims on behalf of other inmates. *See Swoboda*, 992 F.2d at 289–90; *see also Cain v. Aragon*, 632 F. App'x 517, 518 (10th Cir. 2016) (dismissing prisoner's § 1983 claim alleging that the defendant "threatened numerous inmates" and "conspired to place certain inmates in housing units where they had been harmed" on grounds that the prisoner "can only claim violations of his own constitutional rights") *citing Cotner v. Hopkins*, 795 F.2d 900, 902 (10th Cir. 1986)). Thus, Plaintiff's first claim should be dismissed for failure to state a claim upon which § 1983 relief may be granted.[4]

### B. Plaintiff's Denial of Access to Courts Claim Fails to Allege Actual Injury

The Supreme Court has recognized a fundamental constitutional right of access to the courts, *see Bounds v. Smith*, 430 U.S. 817, 828 (1977), but the Court has made it clear that prisoners are entitled to meaningful, but not total or unlimited, access to the courts. *Id*. at 823. Moreover, a prisoner's contention that he has been deprived access to the courts must show actual injury, not mere deprivation, as a constitutional "prerequisite" to bringing a claim. *Lewis v. Casey*, 518 U.S. 343, 351 (1996).

---

[4] Additionally, Plaintiff fails to allege facts demonstrating that the named Defendants personally participated in the violation of his constitutional rights. *See Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011) (allegations of "personal participation in the specific constitutional violation complained of [are] essential"). Plaintiff only alleges that "security staff and hirer [sic] management" were told an "incident was imminent." The lack of any specific allegations demonstrating personal participation by the named Defendants fails to nudge Plaintiff's claim from the conceivable to the plausible and further requires dismissal of Plaintiff's first claim for relief.

Fatal to Plaintiff's second claim for relief is his failure to allege facts identifying any actual injury resulting from the alleged denial of access to the courts. *See Gee v. Pacheco*, 627 F.3d 1178, 1191 (10th Cir. 2010) (finding prisoner's claims of denial of access to a law library and allegations that he was unable to research and prepare initial pleadings too conclusory to present a plausible claim for denial of access to courts). Thus, Plaintiff's allegations in support of his access to courts claim fail to state a plausible claim for § 1983 relief.

## IV.     Plaintiff's Pending Motions

Plaintiff has filed multiple motions currently pending before the Court including the following: (1) Motion for Temporary Relief [Doc. No. 4]; (2) Motion to Depose to Perpetuate Testimony [Doc. No. 14]; (3) Motion to Adopt Report and Recommendation [Doc. No. 15]; (4) Motion for Order for Service by United States Marshal [Doc. No. 19]; (5) Motion Requesting Leave to Amend and Supplement Complaint [Doc. No. 20]; and (6) Motion for Hearing Date [Doc. No. 21]. The Court addresses each of these motions.

Plaintiff's Motion for Temporary Relief [Doc. No. 4] should be denied. Plaintiff alleges that for forty days he was denied access to the law library and thereafter, only the "C Unit" was allowed to go to the law library. *See* Motion at p. 3 (Plaintiff's Affidavit). He claims he has been receiving threats from Defendant Braggs, "knowing that I am a certified paralegal and could complain about the facilities['] obvious indifference and criminal conduct." *Id.* He further claims that CCF allows and promotes violent incidents. *Id.* at pp. 3-4. As relief, he requests an order from this Court requiring that he be allowed "30 hours of law library access." *See* Motion at p. 2. As set forth above in relation to Plaintiff's claims for relief, Plaintiff has failed to identify any actual injury resulting from the alleged denial of access to the law library. The disposition of his access-to-courts claim renders moot his request for temporary relief.

6

Moreover, Plaintiff has failed to demonstrate "immediate and irreparable injury loss or damage" as required to support his request. *See* Fed. R. Civ. P. 65(b)(1). His conclusory reference to a need to properly litigate "request for class action" and "temporary restraining order" are insufficient. *See* Motion at p. 2. Accordingly, his request for temporary relief should be denied.

On April 26, 2016, the Court adopted the Report and Recommendation [Doc. No. 13] previously entered in this matter. *See* Order [Doc. No. 16]. Thus the relief requested in Plaintiff's Motion for Order to Adopt Report and Recommendation [Doc. No. 15] has been granted and the Motion should be denied as moot.

Approximately one month after Plaintiff commenced this action by filing his civil rights complaint, Plaintiff filed a Motion to Depose to Perpetuate Testimony [Doc. No. 14]. Related to that Motion, Plaintiff has also filed a Motion for Hearing Date on Motion to Depose to Perpetuate Testimony [Doc. No. 21]. Plaintiff claims he has properly tendered the motion because at the time he filed it, his in forma pauperis motion had not yet been granted nor had Plaintiff paid a filing fee. *See* Motion at pp. 1-2.[5]

Plaintiff seeks leave to depose employees or former employees of CCF and inmates housed at CCF. With respect to the current or former employees he relies on an alleged "45% employee turnover rate within six months" and states that if their testimony is not taken now, "it will cause a delay to later find, order and ascertain their testimony." *Id*. at p. 3. As to the inmates, he alleges that "their testimony or statements is necessary to prevent failure or delay of

---

[5] Contrary to Plaintiff's contention, pursuant to LCvR 3.3(e), the complaint was conditionally filed until payment of the filing fee and once Plaintiff paid the filing fee, the formal filing of the complaint was deemed to "relate back to the date the [complaint was] conditionally filed." *See id*.

7

justice where the offenders maybe [sic] discharged from prison, transferred or in light of the current allegations be murdered." *Id*. at p. 4.

Plaintiff's Motion should be denied. Rule 27 of the Federal Rules of Civil Procedure provides for the filing of a verified petition "ask[ing] for an order authorizing the petitioner to depose the named persons in order to perpetuate their testimony" and "must be titled in the petitioner's name . . . ." Fed. R. Civ. P. 27(a)(1). Petitioner commenced this action by filing a civil rights complaint. He did not file a proper Rule 27 petition.

Additionally, Rule 27 cannot be used as a substitute for discovery in a civil action. *See Clark v. Dunlap*, No. 14-MC-00018-BNB, 2014 WL 1089559 at *2 (D. Colo. March 19, 2014) (unpublished op.) (Rule 27 "is not designed to allow pre-complaint discovery and "[g]eneralized statements of concern that requested evidence may be destroyed are insufficient to warrant pre-complaint intervention"). Moreover, based on the recommended dismissal of the claims raised in the Amended Complaint, any relief requested pursuant to Rule 27 should be denied as moot. *Cf. Green v. Robinson*, No. 94-16525, 1995 WL 242232 at *1 (9th Cir. April 26, 1995) (affirming district court's dismissal of prisoner's motion to serve Rule 27 petition as moot where court construed pleading as a complaint and dismissed the action as frivolous). For all these reasons, Plaintiff's Motion to Depose to Perpetuate Testimony [Doc. No. 14] and Motion for Hearing Date on Motion to Depose to Perpetuate Testimony [Doc. No. 21] should be denied.

The Court further finds that Plaintiff's Motion Requesting Leave to Amend and Supplement Complaint [Doc. No. 20] should be denied as moot. As discussed supra, Plaintiff does not need to obtain leave of court to file an amended complaint.

Finally, Plaintiff's remaining Motion for Order for Service by United States Marshal [Doc. No. 19] should be denied. The requested relief is rendered moot by the recommended dismissal of the claims raised in the Complaint.

## RECOMMENDATION

It is recommended that the Amended Complaint [Doc. No. 20-1] be dismissed pursuant to 42 U.S.C. § 1997e(c) for failure to state a claim upon which § 1983 relief may be granted. It is further recommended that Plaintiff's Motions [Doc. Nos. 4, 14, 15, 19, 20 and 21] be denied as lacking merit and/or as moot.

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by July 1, 2016. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation disposes of all issues referred by the District Judge in this matter.

ENTERED this 10th day of June, 2016.

BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE